**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 1:17-cv-10791**

|  |  |
|---|---|
| CITY OF BOSTON INSPECTIONAL SERVICES DEPARTMENT, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| EAST FOURTH STREET, LLC and JAMES S. DICKEY as Manager, | ) ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFF, CITY OF BOSTON INSPECTIONAL SERVICES DEPARTMENT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO REMAND TO STATE COURT**

**INTRODUCTION**

Now comes the City of Boston Inspectional Services Department ("ISD") and respectfully requests that this Honorable Court, pursuant to 28 U.S.C. § 1447, remand the above-captioned matter to the Boston Housing Court because this Court lacks subject matter jurisdiction. The Defendant, James S. Dickey, Manager of East Fourth Street, LLC, removed the instant case from the Boston Housing Court, asserting that this case raises federal questions over which this Court may exercise its original jurisdiction. However, as described in detail below, ISD's claims for relief asserted in the Boston Housing Court action are based solely on Massachusetts law regarding the State Sanitary Code. ISD's allegations below do not raise issues of federal constitutional, statutory, or regulatory law. Accordingly, this Court lacks subject matter jurisdiction, removal was improper, and this case should be remanded to the Boston Housing Court for the remainder of the proceedings.

## **FACTUAL BACKGROUND**

The City of Boston Inspectional Services Department ("ISD") is the municipal agency charged with and responsible for the "enforcement of the Minimum Standards of Fitness for Human Habitation ('State Sanitary Code') pursuant to M.G.L. c. 111, s. 122 *et seq*." Pl's Ex Parte Mot. For TRO ¶ 1, Apr. 28, 2017, ECF No. 1-2. On April 28, 2017, ISD commenced an action in the Boston Housing Court to enforce the State Sanitary Code as to the Defendant, James S. Dickey, by filing an Application for a Temporary Restraining Order and accompanying Ex Parte Motion for Temporary Restraining Order and for Authorization to Abate a Public Health Nuisance (the "TRO Application"). See id. at 3.

The TRO Application requested that the Housing Court afford ISD the following relief: (1) enjoin Dickey from denying access to ISD to abate the public health nuisance; (2) that ISD be authorized to enter, clean and sanitize the Property and remove all trash and debris; and (3) that ISD be authorized to re-secure the Property after abatement of the public nuisance. See id. Boston Housing Court Judge Jeffrey Winik granted the temporary restraining order on the same day, and specifically ordered Dickey to desist from "interfering with the actions of [ISD]" and permitting ISD to "enter on to the property and take all steps necessary to secure the premises . . . exterminate for vermin [and] remove all trash [and] debris from the property." Grant of TRO, Apr. 28, 2017, ECF No. 1-1. ISD and Dickey were ordered to return on May 5, 2017, for a follow-up hearing. Id.

On May 4, 2017, Dickey removed the Boston Housing Court case to Federal district court pursuant to 28 U.S.C. §§ 1441 and 1446. Def's Notice of Removal, ECF No. 1. Dickey acknowledges in his Notice of Removal that the TRO Application was filed in state court to prevent Dickey from interfering with ISD's ability to remove trash and debris from his property.

Id. at ¶ 1.  Dickey argues that this Court has original jurisdiction because his defense poses a federal question, to wit, "whether the Defendants have been afforded due process."  Id. at ¶ 4.

For the reasons that follow, this Honorable Court should remand this case back to the Boston Housing Court because no federal question exists within the four corners of ISD's TRO Application.

## STANDARD OF REVIEW

The federal court system is one of limited subject matter jurisdiction.  See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Federal courts may exercise jurisdiction only where expressly authorized by the Constitution or federal statute.  Id.  A state court case may be removed to Federal district court pursuant to 28 U.S.C. § 1441(a) so long as the district court could have had original jurisdiction over the proceedings.  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

The party seeking federal question jurisdiction bears the burden of proving the existence of a federal question.  BIW Deceived v. Local S6, Indus. Union of Marine & Shipbuilding Workers of Am, IAMAW Dist. Lodge 4, 132 F.3d 824, 831 (1st Cir. 1997).  The removal statute ought to be strictly construed, and any doubts regarding the propriety of removal are resolved against removal.  In re Whatley, 396 F. Supp. 2d 50, 53 (D. Mass. 2005).

## ARGUMENT

Dickey fails to meet his burden of proof that this Court has federal question jurisdiction over ISD's TRO Application to enforce the State Sanitary Code.  The substance within all four corners of ISD's TRO Application demonstrates that ISD's claims for relief are confined to the

State Sanitary Code and ISD's power to enforce the State Sanitary Code pursuant to Massachusetts state law, G. L. c. 111, §§ 122-131.

Federal question removal is only appropriate when a state court plaintiff's claims for relief rest upon a federal right. Rosselló-González v. Calderón-Serra, 398 F.3d 1, 10 (1st Cir. 2004). Known commonly as the well-pleaded complaint rule, removal may only lie when it is clear from the plaintiff's complaint, and complaint alone, that there is an issue or question arising from the Constitution or other federal law or treaty. Narragansett Indian Tribe of R.I. v. Rhode Island, 407 F.3d 450, 455 n.1 (1st Cir. 2005). "[T]he plaintiff is a master of his complaint and… a case cannot be removed if the complaint's allegations are premised only on local law." Negrón-Fuentes v. UPS Supply Chain Solutions, 532 F.3d 1, 6 (1st Cir. 2008).

A reading of ISD's TRO Application unequivocally demonstrates that ISD sought relief pursuant only to provisions of Massachusetts state law permitting ISD to take action to enforce the State Sanitary Code. In its TRO Application, ISD cited G. L. c. 111, §§ 122-131, which provide for local investigation and enforcement of violations of the State Sanitary Code. Specifically, G. L. c. 111, § 125, authorizes ISD to abate a public nuisance or "source of filth or cause of sickness" that exists on private property. ISD further relied on state regulations, 105 Code Mass. Regs § 410.550 (state regulation governing the extermination of insects, rodents, and skunks) and 105 Code Mass. Regs § 410.602 (state regulation regarding maintenance of areas against garbage and rubbish). It was pursuant to these state laws and regulations, only, that ISD moved the Boston Housing Court for immediate relief.

Looking only at ISD's TRO Application, it is clear that this Court lacks subject matter jurisdiction over the claims made by the Plaintiff because there isn't even a scintilla of federal issues on the face of the TRO Application. This Court would not have had original jurisdiction

to preside over ISD's request to cure violations of the State Sanitary Code existing on Dickey's property had ISD filed the underlying TRO Application in the Federal district court in the first instance. ISD's claims for relief are neither based on the Constitution or other federal laws or regulations, nor turn on questions of federal constitutional or statutory law. Accordingly, removal cannot lie. See 28 U.S.C. § 1441(a).

Dickey's argument raised in the Notice of Removal that his due process rights are being violated does not provide him an avenue into Federal court. It is well-established that the existence of a defense or counterclaim raised by the removing defendant is not sufficient to establish federal question jurisdiction. Rosselló-González, 398 F.3d at 10 ("the court is to look only to *plaintiff's complaint* to find the answer . . . . The existence of a federal defense is not sufficient for removal jurisdiction") (alterations in original).

This Court is confined to ISD's TRO Application to determine whether this Court may exercise federal question jurisdiction. It is clear from the face of the TRO Application that there are no proper federal questions posed by ISD's claims for relief. Therefore, pursuant to 28 U.S.C. § 1447, this Court should remand this case back to the Boston Housing Court. See Abdelnour v. Bassett Custom Boatworks, Inc., 614 F. Supp. 2d 123, 126 (D. Mass. 2009) ("A case must be remanded if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction.") (internal quotations and citations omitted).

## CONCLUSION

For the foregoing reasons, the Plaintiff, City of Boston Inspectional Services Department, requests that this Honorable Court allow its Motion to Remand and remand this case back to the Boston Housing Court pursuant to 28 U.S.C. § 1447.

    Respectfully submitted,

    CITY OF BOSTON
    INSPECTIONAL SERVICES
    DEPARTMENT,

    By its attorney,
    Eugene O'Flaherty
    Corporation Counsel

    /s/ Sammy S. Nabulsi
    Sammy S. Nabulsi (BBO #691503)
    Assistant Corporation Counsel
    City of Boston Law Department
    One City Hall Square, Room 615
    Boston, MA 02201
    (617) 635-4064
    Sammy.nabulsi@boston.gov

Dated:  July 19, 2017

## LOCAL RULE 7.1 CERTIFICATION

I, Sammy Nabulsi, hereby certify that I have attempted to confer with the Defendant, James S. Dickey, to resolve or narrow the issues presented in the City of Boston Inspectional Services Department's Motion to Remand.  As of this filing, I have not heard from the Defendant.

    /s/ Sammy S. Nabulsi
    Sammy S. Nabulsi

Dated:  July 19, 2017

## **CERTIFICATE OF SERVICE**

I, Sammy Nabulsi, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) and paper copies will be sent to those indicated as non-registered participants on July 19, 2017.

/s/ Sammy S. Nabulsi
Sammy S. Nabulsi

Dated:  July 19, 2017